People v Bell (2025 NY Slip Op 03655)

People v Bell

2025 NY Slip Op 03655

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

SCI No. 30163/18|Appeal No. 4595|Case No. 2019-2012|

[*1]The People of the State of New York, Respondent,
v
Damian Bell, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Whitney Elliot of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Order, Supreme Court, New York County (Gilbert C. Hong, J.), entered on or about January 3, 2019, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly adjudicated defendant a sex offender in New York because his conviction of Criminal Sexual Contact in the Fourth Degree in New Jersey constituted a registrable offense in that state (see Correction Law§ 168-a[2][d][ii]). Nothing in NJ Stat Ann § 2C:7-2 exempts inmates who plan to, or are required to, be released to another state, as defendant was, from the ambit of the statute. Indeed, defendant falls squarely within NJ Stat Ann § 2C:7-2(c)(2), which provides for registration by "[a] person confined in a correctional . . . facility . . . prior to release in accordance with procedures established by the Department of Corrections . . . ."
Defendant's arguments that he should have been adjudicated a level one sex offender are unavailing. The court properly assessed points under factor 11 for defendant's history of drug abuse (see People v Padilla, 116 AD3d 566, 567 [1st Dept 2014], lv denied 25 NY3d 902 [2014]) and under factor 12 based on defendant's refusal to participate in sex offender treatment while incarcerated in New York for a violation of parole (see generally People v Solomon, 202 AD3d 89, 94 [1st Dept 2021], lv denied 38 NY3d 906 [2022]).
Finally, the court acted within its broad discretion in denying defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Contrary to defendant's arguments, the points assessed under factors 11 and 12 did not tend to overstate defendant's risk of reoffense. In these circumstances, we decline to exercise our independent discretion to grant defendant a downward departure (see People v Gonzalez, 91 AD3d 417, 417 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025